Filed 8/13/26  Nguyen v. Hutchins CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PETER NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>NICHOLAS A. HUTCHINS,<br><br>    Defendant and Respondent. | G065994<br><br>(Super. Ct. No. 30-2024-01374287)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Recio, Judge. Affirmed. Appellant's Motion Re Appealability, Structural Error and Judicial Bias, and Objection to Costs. Denied.

Peter Nguyen, in pro. per., on behalf of Plaintiff and Appellant.

Woodruff & Smart, Caroline A. Byrne and Roberta A. Kraus, on behalf of Defendant and Respondent.

Plaintiff Peter Nguyen appeals the judgment entered against him in favor of defendant and respondent Nicholas A. Hutchins after the trial court sustained Hutchins's demurrer to plaintiff's operative second amended complaint (SAC) without leave to amend.[1] Plaintiff failed to designate key documents necessary to our review of the trial court's order sustaining respondent's demurrer, including the demurrer papers; failed to provide record citations to support his assertions; and failed to provide developed legal argument with citation to authority with respect to his challenge to key aspects of the trial court's ruling. We conclude plaintiff has forfeited his arguments challenging the judgment, which we presume to be correct. And even assuming plaintiff did not forfeit his arguments on appeal, we have considered the allegations of the SAC in the light most favorable to plaintiff and find no error on the face of the order sustaining Hutchins's demurrer or the judgment. We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

During an inspection of solar panels at plaintiff's residential property, representatives of the City of Garden Grove (City) noticed several violations of the Garden Grove Municipal Code. When plaintiff refused the City's request to further inspect the property with respect to those violations, the City obtained an inspection warrant from the Orange County Superior

---

[1] While this case was pending, plaintiff filed another action in the Orange County Superior Court against the same defendants arising from the same set of alleged facts. (*Nguyen v. Cramer*, Orange County Superior Court case No. 30-2024-01381650.) Plaintiff's appeal from a judgment entered against plaintiff in that case is also pending before us (case No. G065995). Although related, the cases have not been consolidated.

2

Court.[2] Pursuant to the warrant, the City conducted a second inspection of the property, which plaintiff refers to as a "forcible entry."

Plaintiff filed his initial complaint in this action on January 24, 2024, and his SAC on August 12, 2024.[3] Plaintiff's SAC sought an award of damages against the City and multiple City employees based on allegations concerning both the original inspection and the later inspection conducted pursuant to the warrant. The individual defendants include respondent Hutchins (who was the Deputy City Attorney), Avila, code enforcement officers Rita Cramer and Jake Tran, chief building official David Dent, and city manager Lisa L. Kim. Among other things, plaintiff alleged defendants caused damage to portions of his property during the second inspection, the inspection warrant was deficient, defendants caused plaintiff and members of his family to stand outside in the rain during the second inspection and to suffer distress, and defendants exceeded the permissible scope of both inspections.

On March 28, 2025, before Hutchins was served and appeared in the action, the trial court sustained a demurrer to the SAC by all the other defendants without leave to amend. The court determined (1) plaintiff failed

_____

[2] Plaintiff alleges one of the defendants, code enforcement supervisor Rafael Avila, told him the warrant was obtained based on a third party's complaint about plaintiff's property.

[3] The SAC is titled "Amended Complaint [for] Trespass to Land[;] Intrusion Upon Seclusion[;] Wrongful Use of Civil Proceeding[;] Abuse of Process[;] Intentional Misrepresentation[;] Malicious Prosecution[;] Intentional Infliction of Emotional Distress [IIED;] Eggshell Skull Rule[; and] Vicarious Liability." (Boldface and some capitalization omitted.) Plaintiff did not include his first amended complaint as part of the record on appeal, but the docket indicates it was filed on August 8, 2024, four days before plaintiff filed the SAC.

to allege compliance with the Government Claims Act (Gov. Code, § 810 et seq., Tort Claims Act); (2) plaintiff failed to allege facts sufficient to show the doctrine of estoppel precludes defendants from invoking the Tort Claims Act; (3) plaintiff failed to allege any statutory basis for direct liability against the City; and (4) despite having had prior opportunities to cure the defects, plaintiff failed to do so.[4]

On September 19, 2025, after Hutchins was brought into the action, the trial court entered an order sustaining his demurrer to the SAC without leave to amend on the same grounds set forth in its March 28, 2025 minute order with respect to the other defendants. The court noted that plaintiff's opposing papers did not address the issue of Hutchins's immunity. In that same order, the court denied plaintiff's motion for reconsideration of an order it had entered April 16, 2025, noting the order "simply reflect[ed] that (1) the court declined signing a proposed judgment at that time because the case was not yet resolved as to Defendant Hutchins and (2) the court set an Order to Show [Cause re] Sanctions for failure to serve and prosecute Defendant Hutchins."[5]

---

[4] The court's March 28, 2025 order indicated that, although the court had previously sustained demurrers on the grounds that plaintiff had failed to comply with the Tort Claims Act and Hutchins and Dent were entitled to absolute immunity, the allegations in plaintiff's SAC remained "essentially unchanged." The court referenced a minute order issued August 1, 2024, but plaintiff did not include that order as part of the record on appeal.

[5] Although plaintiff designated the September 19, 2025 order as part of the record on appeal, he did not designate any of the documents filed in support of or in opposition to the demurrer; nor did he designate any of the papers filed in support of or in opposition to his motion for reconsideration of the April 16, 2025 order. We previously granted respondent's motion to augment the record to include the March 28, 2025 order, the request for

4

Plaintiff filed a notice of appeal seeking review of the September 19, 2025 minute order. Judgment was entered on October 10, 2025.[6]

DISCUSSION

I.

PLAINTIFF FORFEITED HIS ARGUMENTS CHALLENGING THE JUDGMENT

Plaintiff makes multiple arguments on appeal. He contends (1) the trial court erred in finding the SAC lacked sufficient allegations of equitable estoppel as to plaintiff's failure to comply with the Tort Claims Act; (2) respondent is not immune from federal constitutional violations; (3) the court abused its discretion by denying leave to amend and denying the motion for reconsideration; and (4) the trial court violated plaintiff's due process and first amendment rights by "cutting him off during hearings, disregarding the record, and entering Respondents' proposed judgments—

_____

judicial notice filed in support of the demurrer, and the April 16, 2025 order, but the appellate record is still lacking the demurrer itself, briefing on the demurrer, and the papers filed in connection with the motion for reconsideration.

[6] We treat plaintiff's appeal as prematurely taken from the judgment, which was not entered until October 10, 2025, after plaintiff initiated this appeal. Plaintiff challenges the judgment *only* as to respondent Hutchins and the September 19, 2025 order. Plaintiff does not challenge the judgment as to any of the other defendants, and we therefore find plaintiff has waived any challenge either to the judgment as to the other defendants (who have not appeared as respondents in this appeal) or to the March 28, 2025 order sustaining their demurrer without leave to amend. Plaintiff made clear the scope of his intended appeal when he opposed respondent's motion to augment the record to include the March 28, 2025 order by insisting the September 19, 2025 order is the only ruling on appeal. Plaintiff also failed to designate as part of the appellate record the demurrer that was the subject of the March 28, 2025 order and did not include in his appellate briefing any argument with citations to legal authority addressing the validity of the March 28, 2025 order.

5

including imposition of Respondents' legal costs—despite Appellant's documented indigent fee-waiver status, senior status, limited English proficiency, and pro se protections, failing to consider the merits of his constitutional claims." (Boldface omitted.)

We begin with the fundamental principle that a judgment of the trial court is presumed to be correct on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, "the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.'" (*Chavez v. Alco Harvesting, LLC* (2024) 102 Cal.App.5th 866, 870.) The trial court's denial of leave to amend is reviewed for abuse of discretion (*Kilgore v. Younger* (1982) 30 Cal.3d 770, 781), as is its denial of plaintiff's motion for reconsideration (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106).

We conclude plaintiff has forfeited his arguments challenging the judgment. First, the appellate record is inadequate to enable us to conduct a meaningful review of the September 19, 2025 order and the resulting judgment in favor of Hutchins. Plaintiff failed to include in the appellate record Hutchins's demurrer and the papers filed in support thereof, plaintiff's opposition papers, and plaintiff's motion for reconsideration and any

6

opposition to it. (See *Jameson v. Desta, supra,* 5 Cal.5th at p. 609 [""[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed""].)

In addition, plaintiff failed to provide citations to the appellate record in support of the factual assertions in his briefing.[7] (See Cal. Rules of Court, rule 8.204(a)(1)(C) [appellant must support all statements of fact in their briefs with citations to the record]; rule 8.204(a)(2)(C) [appellant must confine statements "to matters in the record" on appeal]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 287 [failure to provide adequate record citations results in forfeiture of appellant's claims on appeal]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [the appellate court has no duty to "'search the record on its own seeking error'"].)

Although we deem plaintiff's contentions on appeal to be forfeited, we have reviewed the allegations of plaintiff's SAC and find no error on the face of either the September 19, 2025 minute order or the judgment. Plaintiff does not dispute the court's conclusion he failed to allege compliance—or even substantial compliance—with the Tort Claims Act, and we agree with the court's conclusion that the SAC allegations do "not establish even a colorable estoppel claim" under *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 744, and *Castaneda v. Department of Corrections*

---

[7] For instance, plaintiff's accusations of misconduct against the trial judge are entirely unsupported by the appellate record and plaintiff fails to cite to anything supporting his claims. We admonish plaintiff to refrain from making unsupported attacks on the integrity of the court. Judicial bias is a serious matter. To make such an accusation without any evidence to support it is a grievous misuse of the judicial system and will not be tolerated. (See *In re Koven* (2005) 134 Cal.App.4th 262, 264–265 [briefs falsely accusing court of deliberate dishonesty resulted in contempt proceedings and monetary fine].)

*& Rehabilitation* (2013) 212 Cal.App.4th 1051, 1066. Plaintiff does not allege any affirmative acts by defendants that advised, dissuaded, or otherwise prevented him from filing a timely claim.

Plaintiff alleges he failed to comply with the Tort Claims Act because defendant Dent told him they were photographing plaintiff's property to help plaintiff secure permit approval for converting his garage to an ADU but then failed to respond to plaintiff when he reached out to Dent for assistance with the garage conversion. This is insufficient as a matter of law to constitute equitable estoppel. (*City of Stockton v. Superior Court, supra*, 42 Cal.4th at p. 744 [plaintiff failed to establish "even a colorable estoppel claim" based on allegations that defendants had assured plaintiff its interests would be protected in order to avoid a claim against them, but "allege[d] no conduct that might have deterred it from presenting a claim after defendants failed to keep their promises"].) Defendants also had no legal duty to inform plaintiff of his obligation to file a claim and mere silence does not establish estoppel. (*Castaneda v. Department of Corrections & Rehabilitation, supra*, 212 Cal.App.4th at p. 1066.)

Plaintiff contends his allegations of equitable estoppel are "nearly identical to those accepted in *J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 336–338." We disagree. Plaintiff's allegations are a far cry from those in *J.P. v. Carlsbad Unified School District.* In that case, which involved alleged sexual abuse by a third grade teacher, the evidence showed the school administrators repeatedly told the parents of the minor not to discuss the molestation with anyone so as not to undermine a future criminal prosecution of the alleged perpetrator, which intimidated them and caused them to delay speaking to an attorney and filing a governmental claim within

8

six months of the incident. (*Id*. at pp. 332, 334–335.)[8]

        With respect to the issue of Hutchins's absolute immunity for the claims asserted against him in the SAC, plaintiff argues the court misapplied state immunity law to federal claims, including 42 United States Code section 1983. We note, however, that plaintiff did not assert any federal claims in his nearly 50-page SAC filed in this case. On the contrary, the SAC alleges only state law claims and theories of liability, including (1) trespass to land; (2) intrusions upon seclusion (i.e., invasion of privacy); (3) wrongful use of civil proceedings; (4) abuse of process; (5) intentional misrepresentation; (6) malicious prosecution; (7) intentional infliction of emotional distress; (8) eggshell skull rule in tort cases; and (9) vicarious liability. Although plaintiff alleges generally that defendants violated his constitutional rights under the First and Fourth Amendments, these allegations are not tied to any cause of action. And even assuming for the sake of argument the SAC stated a cause of action under 42 United States Code section 1983 against Hutchins, it does not appear the court relied solely on immunity under state law. To the contrary, the court cited *Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 913, a federal decision, in ruling Hutchins is entitled to immunity. Plaintiff does not address that case or provide developed argument with citation to legal authority regarding whether federal law might provide immunity to Hutchins. By failing to do so, plaintiff has waived any challenge to the judgment with respect to the court's finding of immunity. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [court may disregard legal arguments not

_____

[8] Plaintiff also cites *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 445–446, *Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305, and *City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 489. None of these cases supports plaintiff's contention his allegations are sufficient to overcome a demurrer on the issue of equitable estoppel.

9

supported by citations to authority]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'"].)

Plaintiff also failed to show the trial court abused its discretion in denying him leave to amend his SAC. Among other things, plaintiff provided no record that he ever asked the court for leave to amend and demonstrated to it how he would be able to rectify the deficiencies in his pleading. (See *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 ["'[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.] Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading'"].) He also failed to do so on appeal.[9] (See *Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 608 [although a party may establish for the first time on appeal the ability to amend a pleading to correct deficiencies, that showing must be made].)

II.

PLAINTIFF'S OCTOBER 27, 2025 MOTION IS DENIED

On October 27, 2025, plaintiff filed a motion asking this court to (1) recognize the appealability of the September 19, 2025 minute order;

---

[9] Plaintiff contends he "specifically offered to amend to provide the names and statements of the City employees who misled him about claim filing, additional detail supporting equitable estoppel, clarified constitutional claims, and supporting documentation." But plaintiff fails to cite any portion of the record in which he made such an offer, and on appeal, he fails to set forth what additional *factual* allegations he could add to his pleading to overcome the deficiencies in his pleading.

10

(2) address structural error and judicial bias; and (3) enter a protective objection to any claim for costs. We deny the motion in its entirety.

First, the issue of the appealability of the September 19, 2025 minute order is moot. Judgment was entered and we are reviewing the order as part of our review of the judgment in favor of Hutchins.

Second, as to the portion of plaintiff's motion in which he seeks to address asserted structural error and judicial bias, it is unclear what relief plaintiff seeks separate and apart from his appeal from the judgment. As best we can determine, this portion of the motion appears to be based on plaintiff's contention the trial court (1) refused to sign the September 19, 2025 order so as to allow for appealability, (2) made "inconsistent rulings," and (3) engaged in the "selective entry of judgment." The trial court's refusal to sign the order allowing plaintiff to appeal is moot. And we have considered plaintiff's other arguments relating to the rulings and judgment in favor of Hutchins as part of this appeal, so no different or further relief is warranted.

Third, in plaintiff's "protective objection" to costs, he states he "objects to any memorandum of costs that may be filed" and asks that we sustain that preemptive objection. (Boldface omitted.) There is no cost award before us in this appeal, and we do not issue advisory opinions "on controversies which the parties fear will arise, but which do not presently exist." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 78.)

11

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SERVINO, J.